UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MORRIS AND TERRI JORDAN | CIVIL ACTION |
| Versus | NO. 11-1743 |
| STATE FARM FIRE & CAS. CO. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiffs' motion to stay. The plaintiffs urge the Court to stay this litigation in light of two pending writ applications to the Louisiana Supreme Court.[1] State Farm counters that the writ applications remain unresolved;

---

[1] The plaintiffs would have this Court stay their pending Katrina litigation on the ground that writ applications are pending before the Louisiana Supreme Court in Beardon v. Louisiana Citizens Prop. Ins. Corp., No. 2011-CA-1319 (La.App. 4 Cir. 11/2/11) and Duckworth v. Louisiana Farm Bureau Mut. Ins. Co., 2011 WL 5903854 (La.App. 4 Cir. 11/23/11). In Beardon, the defendant insurance company appealed the trial court's failing to find that the plaintiff forfeited the suspension of prescription (opted out) by filing her individual suit before the class certification decision in the putative class action of which she purported to be a member; the Louisiana Fourth Circuit Court of Appeal denied the supervisory writ. Conversely, in Duckworth, the Louisiana Fourth Circuit Court of Appeal sustained the trial courts' decisions sustaining exceptions of prescription. In the cases consolidated in Duckworth, the plaintiffs were class members in putative class actions against their insurers regarding Hurricane Katrina damage. But the trial courts determined that the plaintiffs opted out of the class actions by filing their own suits before the classes were certified and, thus, the plaintiffs could not rely on the putative class actions to toll prescription. The state appellate court agreed. Writs have not yet been granted or denied by the Louisiana Supreme Court in either case. Nor has this Court reached the "opt out" issue in similar litigation presented thus far. See, e.g., McKnight v. State Farm Fire & Cas. Co., No. 11-1686, 2012 WL 219024 (E.D. La. Jan. 25, 2012).

1

because the Louisiana Supreme Court has not even determined whether the writ applications will be accepted, resolution of the "opt out" issue by the state high court remains purely hypothetical. The Court agrees. Moreover, the plaintiffs have not satisfied the Court that resolution of the "opt out" issue by the state high court will be dispositive of the prescription issues raised by the pending federal litigation.

Accordingly, the plaintiffs' motion to stay is DENIED.

New Orleans, Louisiana, March 29, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE